**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SKY-STEVEN THOMAS MILLER, | No. 10-35494 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05094-BHS |
| v. | |
| PERRY BARTRAM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Washington state prisoner Sky-Steven Thomas Miller appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to serious medical needs.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies, and for clear error any underlying factual determination. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed without prejudice Miller's deliberate indifference action regarding defendants' alleged failure to provide prescribed footwear and custom orthotic inserts because Miller failed to exhaust his administrative remedies. *See id*. (prisoners must exhaust administrative remedies under applicable procedures and deadlines). The district court did not clearly err in finding that administrative remedies remained available to Miller, but that he did not exhaust his grievances through the necessary levels. *Cf. id*. at 822-23 (exhaustion is not required if administrative remedies are rendered "effectively unavailable").

The district court did not abuse its discretion in denying Miller's motion to compel further discovery because Miller failed to establish that defendants altered any documents or produced any altered documents in response to his discovery request. *See Childress v. Darby Lumber, Inc*., 357 F.3d 1000, 1009 (9th Cir. 2004) (setting forth standard of review for discovery motions).

**AFFIRMED.**